## F. HERMANN ZEIGLER v. DELOS G. HENRY AND EBER RICE.

### Appeal bond—Liability of surety.

In this case judgment was rendered at the circuit against an appellant from justice's court, and his surety, for $25.01 damages, with costs to be taxed, which were taxed at $50.35. The penalty of the appeal bond was $50.00, and the judgment, being otherwise upheld in the Supreme Court, is reversed as to the surety, and one entered limiting the recovery against him to $50.00, and with this modification the judgment is affirmed.

Error to Kent. (Grove, J.) Argued October 9 and 10, 1889. Decided November 8, 1889.

*Assumpsit.* Defendant Henry and his surety, Rice, bring error. Judgment modified as to surety, but otherwise affirmed. The facts are stated in the opinion.

*Frank L. Carpenter*, for appellants.

*Myron H. Walker*, for plaintiff.

SHERWOOD, C. J.   This is an action of *assumpsit* upon a judgment.  The declaration was upon the common counts.  Defendants pleaded the general issue, with notice of set-off and recoupment.  The judgment offered in evidence upon the trial, and which was the plaintiff's only cause of action, was rendered before a justice of the peace on July 22, 1881, for the sum of $14.13 damages, and $2.45 costs, in favor of the plaintiff and against Henry, as defendant.

The plaintiff obtained judgment on the trial of the case in the Kent circuit, on appeal, before Judge Grove, without a jury, for the sum of $25.01 damages, on November 8, 1888, with costs of suit.  From this judgment the defendants bring error to this Court, and ask a reversal.

We have failed to discover any error in the record, except so far as relates to appellant Rice.   After the cause was submitted to the court, counsel for defendant asked the court to make and file written findings upon the law and the facts, and the circuit judge made the following:

" In this cause, a written finding of facts having been requested, I hereby·find as follows:

" That on July 14, 1881, suit was commenced before Robert Hunter, Jr., of Lowell, Mich., a properly qualified and duly elected justice of the peace of said county, by summons returnable July 22, 1881, in favor of F. Hermann Zeigler as plaintiff, and against Delos G. Henry as defendant.

" That on July 16, 1881, as appears by the docket entry of said justice, said summons was returned, 'that the same had been personally served on said defendant by reading the same, and giving a copy on July 15, 1881, by Oliver M. Coates, constable.  Fees, 45 cents.'  That on July 22, 1881, said defendant not appearing, judg-

ment was duly and regularly entered in favor of said plaintiff and against said defendant for the sum of $14.13 damages, and $2.45 costs of suit, which judgment remains unreversed, unappealed from, and unpaid.

"That said summons and the other files in said cause are lost; but I find from the oral proofs that said summons was actually returned by said constable, personally served on said defendant by copy, as required by law, and within said county; that said return was in fact true; that said defendant, at the time of said service, was a resident of the county of Kent, and that said justice had full authority and jurisdiction to render said judgment. I further find that the summons issued in this cause was actually issued and placed in the hands of the deputy-sheriff for service the day it bears date, to wit, July 22, 1887.

"I find, as matter of law, that said plaintiff is entitled to recover of said defendant the amount due on said judgment in favor of said plaintiff and against said defendant, for the sum of $25.01 damages, with costs of suit to be taxed."

We think the law, as applied, was fully warranted from the facts found, and that the testimony in the case sustains the facts as found by the circuit judge.

The court committed no error in permitting the declaration to be amended. It was verbal before the justice, and, with what occurred before him, and the statements made in regard to the plaintiff's cause of action, might have well been held a sufficient declaration without the amendment, which was a count upon the justice's judgment, inartistically drawn, but good without demurrer.

Defendant offered in evidence a letter from Jesse Tompsett to defendant D. G. Henry, dated "Aug. 1, '87," for the purpose of showing that the plaintiff since he commenced this suit had parted with his interest in the judgment sued upon. It was objected to by plaintiff on the ground that no proof was made of the letter by which the plaintiff could in any way be bound. The letter was properly rejected. So far as it appears, the testimony was

irrelevant. It appears from the record in the case that the penalty in the bond on appeal was but $50. The appellee prevailed in the circuit, and the judgment rendered by the circuit court was against both defendant and his surety for $25.01 damages, with costs to be taxed, which when taxed amounted to $50.35; thus making the sum for which execution could be issued against the surety, $75.36. This was a mistake. The amount of the judgment for which the surety is liable is specified in his bond, and the judgment against him should have been restricted to that amount. There must be a reversal, therefore, as to him, and a judgment thus limiting the recovery against the surety must be entered in this Court accordingly.

With this modification the judgment will be affirmed, with costs.

The other Justices concurred.